UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DEMETRIUS TAYLOR, )
 )
        Petitioner, )
 )
v. ) No. 2:19-cv-00421-JRS-DLP
 )
RICHARD BROWN, )
 )
        Respondent. )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the respondent's motion to dismiss the petitioner's habeas petition challenging a prison disciplinary proceeding. Dkt. 11. Because the petitioner fails to show that the disciplinary proceeding challenged in this case affected his custody, his petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison is "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

In a disciplinary proceeding identified as No. WVS-18-11-28, the petitioner was found guilty of unauthorized possession of an electronic device. The disciplinary hearing officer, on May 10, 2019, imposed a suspended deprivation of earned-credit time. Dkt. 1-9. After six months, suspended sanctions can no longer be imposed. Indiana Department of Correction Disciplinary Code for Adult Offenders, § IX.E.3(d)(1); Indiana Code 11-8-2-5(a)(8).

The respondent has moved to dismiss this action on the ground that the petitioner is not "in custody" due to the challenged disciplinary proceeding. The petitioner, in his response, does not dispute that his suspended sanction was never imposed. Instead, he argues that the delay in filing his habeas petition harmed him because it delayed the Court's review of his petition until after the six-month period in which his sanction could have been imposed expired. Dkt. 14. But this does not change the fact that his suspended sanction had not been imposed at the time he filed his petition, has not been imposed since, and the time to impose it has passed.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanction has not been imposed on the petitioner, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody" for the purposes of challenging the prison disciplinary proceeding and this action is moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Accordingly, the respondent's motion to dismiss, dkt. [11], is **granted**. The petition for writ of habeas corpus is dismissed for lack of jurisdiction. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/26/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS TAYLOR
902925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov